UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVIS CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:12-CV-002 JD |
| v. | ) |
| | ) |
| RICHARD MAUGHMER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Travis Cunningham, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983 [ECF No. 9]. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

This lawsuit stems from a Cass County criminal case in which Cunningham was convicted of drug offenses. Cunningham claims that Judge Richard Maughmer "promised" that if he completed a particular program while in prison, his sentence would be modified to time served. Cunningham claims that he completed the program in October 2011, but the judge subsequently denied his motions to modify his sentence. He sues the judge, the prosecutor, his public defender, the court reporter, the court clerk, and the Indiana Attorney General seeking damages for false imprisonment and other claims [ECF No. 9 at 2.]

Cunningham filed another suit against the judge and prosecutor based on these same facts. *Cunningham v. Maughmer, et al.*, No. 3:11-CV-483-TS (N.D. Ind. filed Dec. 7, 2011). That case was recently dismissed under 28 U.S.C. § 1915A, but was still pending at the time Cunningham filed this action. It is malicious for Cunningham to file multiple suits based on the same set of facts. *See* 28 U.S.C. § 1915A; *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915A if it is intended to harass or is otherwise abusive of the judicial process); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit). This alone provides grounds for dismissal. 28 U.S.C. § 1915A(b)(1).

Even if the suit were not malicious, it could not proceed for other reasons. Cunningham's claim against the judge is barred by absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). This is true even if Cunningham believes the judge erred in denying his

motions. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). His remedy was through state appellate process, not a federal civil rights suit seeking damages. *Id.* at 661.

Cunningham's claim against the prosecutor, based on her decision not to support his motions to modify his sentence, is similarly barred. The prosecutor is entitled to immunity for her actions taken as an advocate for the state in Cunningham's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Cunningham also names the Indiana Attorney General as a defendant, without explaining the involvement of that office in these events. It appears he may be trying to hold the Attorney General liable as the prosecutor's employer; however, there is no indication that the county prosecutor named in the complaint was employed by the state Attorney General's Office. A claim against that office based on a theory of supervisory liability cannot proceed in any event because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). To the extent the Indiana Attorney General took some role in the decision not to support Cunningham's requests for modification of his sentence, he would be entitled to prosecutorial immunity as well. *See Imbler*, 424 U.S. at 431.

Cunningham also sues his public defender for providing ineffective assistance, but his allegations fail to state a claim for relief. The Constitution only protects against defendants acting under color of state law, *Savory*, 469 F.3d at 670, and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Furthermore, to the extent Cunningham is seeking some type of order declaring that his Sixth

3

Amendment rights were violated in the criminal case such that he is being wrongfully imprisoned, he can only seek this type of relief in a habeas petition brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

Cunningham also sues the court reporter and clerk assigned to Judge Maughmer's courtroom, alleging that they failed to adequately document the "agreement" he made with the judge in accordance with state law [*see* ECF No. 9 at 4-5]. These judicial employees are entitled to absolute immunity for administrative acts taken at the direction of the judge. *See Snyder v. Nolen*, 380 F.3d 279, 287-88 (7th Cir. 2004). Even if they did not have immunity, their alleged violation of state law would not create a cause of action under 42 U.S.C. § 1983.[1] *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.") (internal citation omitted); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Finally, to the extent Cunningham is asking this court to "correct" his sentence [ECF No. 9 at 6] to reflect his recollection of what occurred, such relief can only be pursued in a habeas action filed under 28 U.S.C. § 2254. *See Preiser*, 411 U.S. at 488.

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

---

[1] It is not entirely clear, but Cunningham also appears to be trying to obtain a transcript and other documents from his criminal case [ECF No. 9 at 3-4]. Although Cunningham has not stated a claim for a constitutional violation under 42 U.S.C.§ 1983, this order does not purport to adjudicate any right he may have under state law to access to these documents.

SO ORDERED.

ENTERED: January 23, 2012

                                                    /s/ JON E. DEGUILIO  
                                          Judge  
                                          United States District Court